INSURANCE COMPANY OF NORTH AMERICA, APPELLEE, V.
GUSTAVE A. ACKERMAN ET AL., APPELLANTS.

FILED FEBRUARY 20, 1901.   No. 9,390.

1. **Judicial Sale:** APPRAISEMENT: ATTACK: FRAUD: POST HOC. An ap-
praisement of property made for the purpose of a judicial sale,
can not be successfully attacked after the sale except on the
ground of fraud.

2. ———: ———: CONFIRMATION: OBJECTIONS: ALLEGATIONS. It is not
error to refuse to vacate a judicial sale on the ground that the

appraisement was fraudulent, if the objections to the confirmation contain no allegation of fraud or other improper conduct on the part of the appraisers.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J.  *Affirmed.*

*George O. Calder,* for appellants.

*Gregory, Day & Day, contra.*

PER CURIAM.

The order under review confirms a sale of real estate made in execution of a decree of foreclosure.  The motion for confirmation was resisted by appellant on two grounds: (1) That the register of deeds included in his certificate to the special master commissioner the mortgage which was the basis of the decree; and (2) that the appraisers' valuation of the property was too low.  There was no attack on the appraisement prior to the sale; and after the sale it could be questioned only for fraud. *Ecklund v. Willis,* 44 Nebr., 129; *Kearney Land & Investment Co. v. Aspinwall,* 45 Nebr., 601; *Jarrett v. Hoover,* 54 Nebr., 65; *Ballou v. Sherwood,* 58 Nebr., 20.  The evidence of fraud is not, by any means, convincing; but if it were conclusive, it would not impose upon the court the duty of setting the sale aside, since there was no allegation of a fraudulent appraisement.  *Brown v. Fitzpatrick,* 56 Nebr., 61; *Nelson v. Alling,* 58 Nebr., 606.  The order of confirmation is

AFFIRMED.